## DISTRICT COURT OF THE VIRGIN ISLANDS
## DIVISION OF ST. CROIX

| | |
|---|---|
| ELTON WILLIAMS, ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | |
| ) | **Civil Action No. 2011-025** |
| COST-U-LESS, INC. & SCOTT RAMSEY, ) | |
| ) | |
| **Defendants.** ) | |
| _____) | |

**Attorneys:**
**Mary Faith Carpenter, Esq.,**
**Lee J. Rohn, Esq.,**
St. Croix, U.S.V.I.
        *For the Plaintiff*

**Henry C. Smock, Esq.,**
**Kyle R. Waldner, Esq.**
St. Thomas, U.S.V.I.
        *For Defendants*

## <u>MEMORANDUM OPINION</u>

**Lewis, District Judge**

THIS MATTER comes before the Court on Plaintiff's "Motion to Dismiss Scott Ramsey as a Defendant." (Dkt. No. 82). Plaintiff seeks to voluntarily dismiss Defendant Ramsey from this action without prejudice, pursuant to Federal Rule of Civil Procedure 41(a)(2), on the grounds that his continued inclusion in this lawsuit would defeat diversity jurisdiction. Defendants filed a Response stating that they do not oppose the dismissal of Defendant Ramsey, but that such dismissal should be with prejudice, and that Plaintiff should be required to pay attorney's fees and costs incurred in defending Defendant Ramsey. (Dkt. No. 83).

For the reasons that follow, the Court will grant Plaintiff's motion for dismissal without prejudice and will award reasonable attorney's fees and costs to Defendant Ramsey for a portion

of the litigation, provided that he can demonstrate that those fees and costs were incurred for work that meets the conditions set forth herein.

## BACKGROUND AND PROCEDURAL HISTORY

Plaintiff filed a Complaint against Defendants Cost-U-Less and Scott Ramsey in March 2011 alleging various causes of action arising out of an employment relationship. This Court's jurisdiction was premised on diversity of citizenship of the parties: Plaintiff was alleged to be a citizen of the Virgin Islands; Defendant Cost-U-Less, Inc. was alleged to be incorporated in Washington, D.C.; and Defendant Ramsey was alleged to be a citizen of Ohio. (Dkt. No. 1). Defendants filed an Answer raising, *inter alia*, subject matter jurisdiction as an affirmative defense. (Dkt. No. 6).

During the next few months, Plaintiff served discovery requests on Defendants. The Court granted Plaintiff's Motion to Amend the Complaint, and an Amended Complaint was filed in January 2012. (Dkt. No. 31). Then, on March 7, 2012, Defendants moved to dismiss for lack of subject matter jurisdiction. (Dkt. No. 43). In a Declaration attached to the brief, dated February 28, 2012, Defendant Ramsey averred that he relocated to the Virgin Islands in 2000 and lived there, except for a six-month stint in Florida in 2004-2005 after which he returned to St. Croix and worked for Cost-U-Less from 2006-2011. (Dkt. No. 44-3). Defendant Ramsey further averred that, in 2000, he opened and maintained a Virgin Islands banking account; in 2005, he obtained a cell phone with a Virgin Islands area code, and a driver's license, which he renewed in 2010; that he registered to vote in the Virgin Islands and renewed his registration on multiple occasions; and that on the day the lawsuit was filed, he considered St. Croix to be his home, intended to remain on the island indefinitely, and had no plans to move back to Ohio. *Id.*

Plaintiff did not respond to the Motion to Dismiss. Instead, on March 30, 2012, he filed a

motion to compel Defendant Ramsey to respond to written discovery (Dkt. No. 53) and, in April 2012, served Defendant Ramsey with a notice to take deposition. (Dkt. No. 67). On May 2, 2012, Defendant Ramsey filed a notice of service of his supplemental discovery responses on Plaintiff (Dkt. No. 74), and, the next day, filed an opposition to Plaintiff's motion to compel him to respond to written discovery.

On May 4, 2012, Defendants filed a "Motion to Deem as Unopposed Defendants' Motion to Dismiss for Lack of Subject Matter Jurisdiction." (Dkt. No. 79). Nineteen days later, on May 23, 2012, Plaintiff filed the instant "Motion to Dismiss Scott Ramsey as a Defendant." (Dkt. No. 82). Plaintiff stated that he had attempted to obtain an agreement from Defendant Cost-U-Less that Plaintiff be allowed to depose Defendant Ramsey, and "if he confirmed he was actually a resident of the Virgin Islands that Plaintiff would dismiss him." *Id.* at 1. Although Defendant's counsel did not respond to that suggestion, Plaintiff stated that he would "take Defendant Ramsey at his word that he was a Virgin Islands resident" and therefore moved to dismiss him because he was not diverse to Plaintiff. *Id.* Defendants filed a Response (1) indicating that they do not oppose the dismissal of Defendant Ramsey from this action pursuant to Federal Rule of Civil Procedure 41(a)(2); but (2) seeking a dismissal with prejudice and requiring Plaintiff to pay costs and attorney's fees incurred in connection with this action.  (Dkt. No. 83 at 3). Plaintiff did not file a Reply.

## DISCUSSION

Federal Rule of Civil Procedure 41(a)(2) provides that dismissals under this subsection of the Rule shall be "on terms that the court considers proper," and that, "[u]nless otherwise stated in the notice of dismissal . . . the dismissal is without prejudice[.]" *See* Fed. R. Civ. P. 41(a)(2); 8-41 *Moore's Federal Practice-Civil* § 41.11 (indicating that Rule 41(a) anticipates and

encourages voluntary dismissal without prejudice for varied reasons including a plaintiff's decision to "[p]reserve federal diversity jurisdiction by dismissing that action as against non-diverse parties.").[1] The ultimate decision of whether to grant the motion to dismiss with or without prejudice lies in the discretion of the Court. *See Benitec Australia Ltd. v. Nucleonics, Inc.,* 2005 WL 2415959, at \*1 (D. Del. Sept. 29, 2005) ("When a plaintiff moves for a dismissal without prejudice under Rule 41(a)(2), the decision to dismiss with prejudice or without prejudice is left to the discretion of the court.") (citing *Buse v. Vanguard Group of Inv. Co.,* 1994 WL 111359, at \*2 (E.D. Pa. Apr. 1, 1994)); *EEOC v. Bethlehem Steel Co*., 727 F. Supp. 952, 954 (E.D. Pa. 1990) (opining that a district court is vested with great discretion in determining whether to grant a Rule 41(a)(2) motion with or without prejudice).

Defendants contend that the dismissal should be "with prejudice" and conditioned on the payment of attorney's fees and costs because Plaintiff improperly continued to pursue his claim against Defendant Ramsey after (1) Defendants filed their Answer and Affirmative Defenses denying Plaintiff's allegations regarding the citizenship of Defendant Ramsey and asserting that the Court lacked subject matter jurisdiction; and (2) counsel for Defendants restated their position regarding Defendant Ramsey's citizenship to Plaintiff's counsel at a status conference. (Dkt. No. 83 at 2). Defendants maintain that Defendant Ramsey was required "to respond to motions, to prepare and provide answers to discovery requests, and, ultimately, to file a Motion to Dismiss due to this Court's lack of subject matter jurisdiction," thereby incurring costs and fees that "would not have been necessary had Plaintiff timely sought the dismissal of this action, as requested by Defendants." *Id.* at 2, 3.

---

[1] In *Guerrero v. Bluebeard's Castle Hotel Inc.,* 982 F. Supp. 343, 348 (D.V.I. 1997), the Court ruled that "Rule 41 can be used by a plaintiff to dismiss an action against one party while continuing the lawsuit against other parties."

Courts have held that dismissals should be granted with prejudice when defendants may be subject to "extreme financial prejudice," *Thomas & Betts Corp. v. Richards Mfg. Co.*, 2007 WL 1237852, at *14 (D.N.J. Apr. 26, 2007) (citing *Ferguson v. Eakle*, 492 F.2d 26, 29 (3d Cir. 1974), *vacated in part on other grounds,* 342 F. App'x 754 (3d Cir. 2009)); when a defendant confronts "the possible loss of a substantial right," *Bethlehem Steel*, 727 F. Supp. at 955; or when a defendant otherwise experiences "substantial prejudice." *Benitec Australia, Ltd. v. Nucleonics, Inc.,* 2005 WL 2415959, at *1 (D. Del. Sept. 29, 2005). Defendants have not argued—let alone established—that such circumstances exist here. Thus, Defendants have not demonstrated that a dismissal of Defendant Ramsey with prejudice is warranted in this case. The Court will therefore exercise its discretion to dismiss Defendant Ramsey without prejudice.

Turning to Defendants' request for attorney's fees and costs, courts will often grant attorneys' fees and costs when a plaintiff voluntarily dismisses a lawsuit without prejudice under Fed. R. Civ. P. 41(a)(2). *U.S. ex rel. Haskins v. Omega Inst., Inc.*, 25 F. Supp. 2d 510, 515 (D.N.J. 1998); *Citizens Sav. Ass'n v. Franciscus,* 120 F.R.D. 22, 24 (M.D. Pa. 1988). The purpose of such an award "is to compensate the defendant for having incurred the expense of trial preparation without the benefit of a final determination of the controversy." *John Evans Sons, Inc. v. Majik Ironers, Inc.*, 95 F.R.D. 186, 191 (E.D. Pa. 1982). In determining whether an award of fees and costs to a defendant is appropriate,

> [c]ourts will generally consider as factors . . .: (1) any excessive and duplicative expense of a second litigation; (2) the effort and expense incurred by a defendant in preparing for trial; (3) the extent to which the pending litigation has progressed; (4) and the claimant's diligence in moving to dismiss.

*In re Tutu Wells Contamination Litig.*, 994 F. Supp. 638, 653 (D.V.I. 1998)). Under the circumstances here, the Court concludes that attorney's fees and costs incurred in defending

5

Defendant Ramsey are warranted for a portion of the proceedings, provided that the fees and costs were not incurred for work that can be used in a second litigation by Plaintiff against Defendant Ramsey.

Defendants' request for fees and costs is premised on the alleged untimeliness of Plaintiff's dismissal of Defendant Ramsey from the action. According to Defendants, had Plaintiff acted in response to Defendants' representations in their Answer and Affirmative Defenses and counsel for Defendants' oral representation to Plaintiff's counsel at a subsequent status conference, the fees and costs incurred by Defendant Ramsey would have been unnecessary. (Dkt. No. 83 at 2, 3).

The Court does not agree that Plaintiff was *required* to accept Defendants' and their counsel's unsupported representations regarding Defendant Ramsey's citizenship as the basis for moving to dismiss him from this action.[2] In the absence of such agreement, a challenge to jurisdiction is properly made by means of a motion to dismiss, setting forth the basis for the motion and including facts establishing the grounds for the challenge. Thus, Defendant Ramsey had the option—from the inception of this lawsuit in March 2011—to file a motion to dismiss for lack of jurisdiction, supported by Defendant Ramsey's Declaration. That he chose to wait for almost one year following the filing of this action, during which he "respond[ed] to motions, [and] prepare[d] and provide[d] answers to discovery requests" before "ultimately. . . fil[ing] a Motion to Dismiss due to this Court's lack of subject matter jurisdiction" (Dkt. No. 83 at 2), does

---

[2] The Court assumes for purposes of this Opinion that Plaintiff's counsel had sufficient support for initially asserting diversity jurisdiction based on Defendant Ramsey's citizenship. The Court will not consider a Rule 11 challenge based on Defendants' off-hand comment in a footnote that "[a]rguably, Plaintiff always knew, or should have always known, that its allegations as to Ramsey's citizenship were baseless and were really asserted to create diversity jurisdiction here." (Dkt. No. 83 at 2 n.1).

not now entitle him to fees and costs incurred during the period that he delayed in filing his motion. Accordingly, the Court will not award any relief in the form of attorney's fees and costs incurred through the filing of Defendants' Motion to Dismiss on March 7, 2012.

The period following the filing of Defendants' Motion to Dismiss presents a different story. Defendants' Motion to Dismiss was supported by Defendant Ramsey's Declaration, subscribed as true under penalty of perjury pursuant to 28 U.S.C. § 1746. It was not simply unsupported representations or argument. However, Plaintiff did not respond to the Motion to Dismiss. Instead, he continued to press forward with the litigation. Plaintiff's failure to respond to the Motion to Dismiss within the time period required by the Federal Rules of Civil Procedure resulted in the May 4, 2012 filing by Defendants of a "Motion to Deem as Unopposed Defendants' Motion to Dismiss for Lack of Subject Matter Jurisdiction [#43] . . . ." (Dkt. No. 79). Nineteen days later, on May 23, 2012, Plaintiff filed the instant Motion to Dismiss Defendant Ramsey.

Plaintiff's failure to timely respond to Defendant's Motion to Dismiss for Lack of Jurisdiction by filing a substantive response or, in the absence of evidence to the contrary, by moving to dismiss Defendant Ramsey, reflects a lack of diligence in addressing the jurisdictional issue. This lack of diligence warrants an award of attorney's fees and costs to Defendant Ramsey for any unnecessary expenses he incurred after the filing of Defendants' Motion to Dismiss on jurisdictional grounds. Accordingly, in view of this Court's decision to grant Plaintiff's Motion to Dismiss this action against Defendant Ramsey *without prejudice,* Defendant Ramsey may file an appropriate motion for fees and costs expended on work "that cannot be used in a second contemplated action or in other pending litigation between the parties." *Omega Inst., Inc.*, 25 F. Supp. 2d at 516; *cf. Young v. Johnson & Johnson Corp.*, 2005 WL 2886218, at *7 (E.D. Pa. Nov.

2, 2005).

## CONCLUSION

For the foregoing reasons, the Court will grant Plaintiff's "Motion to Dismiss Scott Ramsey as a Defendant" without prejudice. However, the Court will award reasonable attorney's fees and costs to Defendant Ramsey for work performed after the filing of the "Motion to Dismiss for Lack of Subject Matter Jurisdiction," provided that he can demonstrate that those fees and costs were incurred for work that cannot be used in a second contemplated action or in other pending litigation between the parties. An appropriate Order accompanies this Memorandum Opinion.

Date: February 6, 2013                                          _____/s/_____
                                                                WILMA A. LEWIS
                                                                District Judge