# DISTRICT COURT OF THE VIRGIN ISLANDS
# DIVISION OF ST. CROIX

| | |
|---|---|
| **ELTON WILLIAMS,** )<br>)<br>**Plaintiff,** )<br>)<br>v. )<br>)<br>**COST-U-LESS, INC. & SCOTT RAMSEY,** )<br>)<br>**Defendants.** )<br>_____ ) | Civil Action No. 2011-025 |

**Attorneys:**
**Mary Faith Carpenter, Esq.,**
**Lee J. Rohn, Esq.,**
St. Croix, U.S.V.I.
    *For the Plaintiff*

**Henry C. Smock, Esq.,**
**Kyle R. Waldner, Esq.**
St. Thomas, U.S.V.I.
    *For Defendants*

## MEMORANDUM OPINION

**Lewis, District Judge**

THIS MATTER comes before the Court on "Defendant Ramsey's Motion for Attorney's Fees and Costs," filed on February 21, 2013. (Dkt. No. 92). For the reasons that follow, the Court will grant Defendant Ramsey's motion.

## PROCEDURAL HISTORY

Plaintiff Elton Williams filed a Complaint against Defendants Cost-U-Less and Scott Ramsey in March 2011, and a First Amended Complaint in January 2012, alleging various causes of action arising out of an employment relationship.[1] This Court's jurisdiction was

---

[1] In February 2013, Defendant Cost-U-Less, Inc. filed a Notice of Suggestion of Death of Plaintiff. (Dkt. No. 91). In April 2013, Plaintiff's counsel informed the Court that Plaintiff's family was deciding who they wanted to be appointed as the personal representative of Plaintiff's

premised on diversity of citizenship: Plaintiff was alleged to be a citizen of the Virgin Islands; Defendant Cost-U-Less, Inc. was alleged to be incorporated in Washington, D.C.; and Defendant Ramsey was alleged to be a citizen of Ohio. (Dkt. No. 1). Defendants filed an Answer on April 21, 2011 raising, *inter alia*, subject matter jurisdiction as an affirmative defense. (Dkt. No. 6). Eventually, on March 7, 2012, Defendants moved to dismiss for lack of subject matter jurisdiction, asserting that because both Plaintiff and Defendant Ramsey were citizens of St. Croix, Virgin Islands, complete diversity between the parties did not exist. (Dkt. Nos 43, 44).

Plaintiff did not respond to the Motion to Dismiss. Instead, on March 30, 2012, he filed a motion to compel Defendant Ramsey to respond to written discovery (Dkt. No. 53) and, in April 2012, served Defendant Ramsey with a notice to take deposition. (Dkt. No. 67). On May 2, 2012, Defendant Ramsey filed a notice of service of his supplemental discovery responses (Dkt. No. 74) and, the next day, filed an opposition to Plaintiff's motion to compel. (Dkt. No. 76). On May 4, 2012, Defendants filed a "Motion to Deem as Unopposed Defendants' Motion to Dismiss for Lack of Subject Matter Jurisdiction." (Dkt. No. 79). Nineteen days later, on May 23, 2012, Plaintiff filed a "Motion to Dismiss Scott Ramsey as a Defendant," stating that he would "take Defendant Scott Ramsey at his word that he was a Virgin Islands resident" and thus not diverse to Plaintiff. (Dkt. No. 82). Defendants filed a Response (1) indicating that they did not oppose the dismissal of Defendant Ramsey from this action pursuant to Federal Rule of Civil Procedure 41(a)(2); but (2) seeking dismissal with prejudice, along with an order requiring Plaintiff to pay costs and attorney's fees incurred in connection with Ramsey defending this action. (Dkt. No. 83 at 3).

On February 6, 2013, the Court issued a Memorandum Opinion and Order which granted

---

estate to pursue this matter. (Dkt. No. 95).

Plaintiff's motion for dismissal without prejudice. (Dkt. No. 86). With regard to Defendant Ramsey's request for attorney's fees and costs, the Court stated:

> Plaintiff's failure to timely respond to Defendants' Motion to Dismiss for Lack of Jurisdiction by filing a substantive response or, in the absence of evidence to the contrary, by moving to dismiss Defendant Ramsey, reflects a lack of diligence in addressing the jurisdictional issue. This lack of diligence warrants an award of attorney's fees and costs to Defendant Ramsey for any unnecessary expenses he incurred after the filing of Defendants' Motion to Dismiss on jurisdictional grounds.

(Dkt. No. 85 at 7). The Court ruled that it would award Defendant Ramsey attorney's fees and costs for a portion of the work related to the litigation—the work incurred after Defendants filed the Motion to Dismiss on March 7, 2012 up through May 23, 2012—as long as Defendant Ramsey could explain, with particularity, why each item claimed could not "'be used in a second contemplated action or in other pending litigation between the parties.'" *Id.* (quoting *U.S. ex rel. Haskins v. Omega Inst., Inc.*, 25 F. Supp. 2d 510, 516 (D.N.J. 1998)).

In response to the Court Order, Defendant Ramsey filed the instant motion in which he seeks $3,320.00 in attorney's fees and costs. (Dkt. No. 92). He attached a Declaration of his attorney, Kyle R. Waldner, Esq., who asserted that all costs indicated in the attached billing records were necessarily incurred in connection with this case. The billing records contained twenty-nine discrete items that detailed the work performed by Attorney Waldner between March 7-May 23, 2012, the time expended on each task, and the cost. (Dkt. No. 92-1). Plaintiff filed an "Opposition and Objection to Motion for Attorney's Fees and Costs" (the "Opposition") (Dkt. No. 94), and Defendants filed a Reply Brief. (Dkt. No. 100).

## **DISCUSSION**

In his Opposition, Plaintiff raises three arguments against an award of attorney's fees and costs: (1) Defendant Ramsey waived his right to such fees and costs under Local Rule of Civil

3

Procedure 54.1; (2) Defendant's contention that Plaintiff's action would be time-barred is erroneous; and (3) most of the listed tasks are not "precisely set forth" and were not "necessarily performed" and therefore should not be compensated. According to Plaintiff's calculation, Defendant is entitled to recover only $620.00. (Dkt. No. 94).

Defendant Ramsey contends that there is no pending litigation between himself and Plaintiff; that the items listed in the billing records are unique to the circumstances of this case; and the time expended would not involve discovery that may be involved in a second contemplated action. (Dkt. No. 92 at 3-5). Accordingly, Defendant Ramsey maintains that he should be awarded the attorney's fees and costs that he seeks.

Plaintiff's first argument—that Defendant Ramsey waived his right to attorney's fees and costs because the billing records submitted by Attorney Waldner do not comport with Local Rule of Civil Procedure 54.1—misses the mark. LRCi 54.1 provides:

> Within thirty days after the entry of a final judgment or a judgment allowing costs, the prevailing party shall serve on the adverse party and file with the Clerk of the Court a Bill of Costs, together with a notice of motion when application will be made to the Clerk to tax the same.

LRCi 54.1(a). The Court's February 6, 2013 Order did not direct Defendant Ramsey to file a motion for attorney's fees and costs as a "prevailing party" after entry of a "final judgment" in this litigation. Rather, the Order provided that Defendant Ramsey could seek attorney's fees and costs because the lawsuit against him was voluntarily dismissed without prejudice under Fed. R. Civ. P. 41(a)(2), and a defendant may be granted such fees and costs in that circumstance. Defendant Ramsey complied with the Court Order; LRCi 54.1 does not apply; and Defendant Ramsey did not waive his right to attorney's fees and costs.

Plaintiff next argues that a subsequent action would relate back to the original action for

4

statute of limitations purposes. He further argues that, because Defendant Ramsey could use the work performed by Attorney Waldner in that second contemplated action, Defendant Ramsey could not be reimbursed for those attorney's fees. Plaintiff's contemplated subsequent action is reflected in a draft Second Amended Complaint, provided as an exhibit, in which he reincorporates Ramsey as a Defendant. (Dkt. No. 94-1). Other than a reference to Ramsey being a citizen of a state other than the Virgin Islands, and the Estate of Elton Williams being the Plaintiff, the draft Second Amended Complaint is an exact copy of the First Amended Complaint.[2] Plaintiff indicates that he will file the motion to amend the First Amended Complaint to reincorporate Ramsey once the Superior Court of the Virgin Islands appoints a personal representative for Plaintiff's estate. He concludes that, if Ramsey is reincorporated as a Defendant at this point in the litigation, there would be complete diversity of citizenship. (Dkt. No. 94 at 4).

    This argument also fails. In his Motion to Dismiss Scott Ramsey, Plaintiff conceded that Ramsey was a citizen of the Virgin Islands, which defeated diversity jurisdiction. "'[J]urisdiction is to be tested by the status of the parties at the commencement of the suit.'" *Knop v. McMahan*, 872 F.2d 1132, 1138 (3d Cir. 1989) (quoting *Field v. Volkswagenwerk AG*, 626 F.2d 293, 305 (3d Cir. 1980); *see also Field,* 626 F.2d at 304 (citing *Mollan v. Torrance*, 9 Wheat. 537, 539 (1824) ("[T]he jurisdiction of the court depends upon the state of things at the time of the action brought.")). "Thus, if diversity of citizenship did not exist at the time the action was filed, it cannot be created retroactively by a subsequent change of domicile by one of the parties." *Field*,

---

[2] Plaintiff points out that, although Defendant Ramsey provided an affidavit stating that at the time the Complaint was filed Ramsey was a resident of the Virgin Islands, at the time Ramsey signed that affidavit he was no longer a resident and he remains a non-resident. (Dkt. No. 94 at 4).

5

626 F.2d at 304; *see also E.R. Squibb & Sons, Inc. v. Lloyd's & Companies*, 241 F.3d 154, 163 (2d Cir. 2001) ("[H]ow diverse parties must be" and "where each party lives" will be determined "at the time of filing of the relevant complaint.").

As Plaintiff has acknowledged and the Court has found, Defendant Ramsey's citizenship in the Virgin Islands at the time the original Complaint was filed defeated diversity jurisdiction. Even if Plaintiff plans to file a Second Amended Complaint, Plaintiff has not demonstrated to the satisfaction of the Court, for purposes of this motion for attorney's fees, how he would overcome that jurisdictional obstacle. Therefore, Plaintiff's objections to items 3-5, 9-24, and 28, listed in Defendant's Exhibit A, on the ground that they could be used in a second contemplated action, are overruled.

Plaintiff's final argument is that items 6, 8, 25-26, and 29 included in Attorney Waldner's billing records were not "precisely set forth" and were not "necessarily performed" and therefore should not be allowed. (Dkt. No. 94 at 5-6). Specifically, Plaintiff asserts that: (1) item no. 6, which states "receive and review email from G. Wilkerson re: Ramsey," is not sufficiently described because there is "no detail as to who Gabrielle Wilkerson is or the nature of the communication"; (2) item 8, which states "Conf. w/M. Benson re: S Ramsey residency issues in support of motion to dismiss," provides no explanation of who M. Benson is or the nature of the communication; (3) items 25 and 26, which involve drafting the Motion to Deem as Unopposed Defendants' Motion to Dismiss for Lack of Subject Matter Jurisdiction, are too comprehensive because a one paragraph motion would have achieved the same result; and (4) item 29, for work performed on May 23, 2012, should not be allowed because the matter was stayed on May 22, 2012. *Id.*

In his Reply Brief, Defendant Ramsey identifies Gabrielle Wilkerson as "a human

resources employee of the parent company of Ramsey's employer and an individual with knowledge of Ramsey's personnel file, concerning Plaintiff's then-outstanding discovery requests to Ramsey." (Dkt. No. 100 at 7). Defendant Ramsey adds that the correspondence was necessary in responding to Plaintiff's discovery requests, indicated in item 6. *Id.* With regard to item 8, Defendant Ramsey explains that Mike Benson was a Departmental Manager for Defendant Cost-U-Less who had knowledge concerning Plaintiff's employment at the store, and the correspondence mentioned in item 8 was necessary "to gather evidence demonstrating Ramsey's Virgin Islands domicile[.]" *Id.* Defendant Ramsey adds that items 25 and 26 were "necessarily incurred" because Defendants concluded that it was necessary to file a motion with legal support for the propositions that the Court could rule on the motions to dismiss and for a stay in the absence of a response by Plaintiff. *Id.* at 8. As to item 29, Defendant cites the Court's February 6, 2013 Order that entitles Defendant Ramsey to an award of attorney's fees and costs up through May 23, 2012, and therefore the entry of a stay on May 22, 2012 is irrelevant. *Id.*[3]

The Court finds that Defendant Ramsey has adequately explained the challenged items (numbered 6, 8, 25-26 and 29), and has shown that the items were necessarily performed and may be compensated.

---

[3] While a stay of proceedings was entered in this matter on May 22, 2012, Plaintiff filed his Motion to Dismiss Ramsey on May 23, 2012. Counsel for Ramsey spent two-tenths of an hour on May 23rd reviewing the motion filed by Plaintiff, which the Court deems properly compensable.

## **CONCLUSION**

Accordingly, for the reasons set forth above, the Court will grant Defendant Ramsey's Motion for Attorney's Fees and Costs in the amount of $3,320.00.

An appropriate Order accompanies this Memorandum Opinion.

Date: May 8, 2013                                                              _____/s/_____
                                                                                              WILMA A. LEWIS
                                                                                              District Judge