DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. CROIX

**LEOPOLD WILLIAMS, as personal** )
**representative of the ESTATE OF** )
**ELTON WILLIAMS,** )
 )
        **Plaintiff,** )
 )
        v. )
 )    Civil Action No. 2011-025
**COST-U-LESS, INC.,** )
 )
        **Defendant.** )
_____)

**Attorneys:**
**Trudy Fenster, Esq.,**
**Lee J. Rohn, Esq.,**
St. Croix, U.S.V.I.
    *For the Plaintiff*

**Henry C. Smock, Esq.,**
**Kyle R. Waldner, Esq.**
St. Thomas, U.S.V.I.
    *For Defendants*

## MEMORANDUM OPINION

**Lewis, Chief Judge**

THIS MATTER comes before the Court on Plaintiff's "Objection and Appeal of Magistrate's Order Denying Plaintiff's Motion to Amend Second Amended Complaint." (Dkt. No. 161). Plaintiff Leopold Williams, as Personal Representative of the Estate of Elton Williams ("Williams" or "Plaintiff") argues that the Order issued by the Magistrate Judge of this Court (Dkt. No. 159), which denied his Motion to Amend his Second Amended Complaint on the grounds of unreasonable delay, was clearly erroneous, contrary to law, and must be reversed. Defendant Cost-U-Less ("Defendant" or "Cost-U-Less") responds that the Magistrate Judge's Order should be affirmed. For the reasons that follow, the Court will affirm in part the October 2,

2013 Order of the Magistrate Judge, and will reverse in part and remand for further proceedings.

## I. BACKGROUND

On March 25, 2011, Plaintiff Elton Williams filed a Complaint against Cost-U-Less and then-Defendant Scott Ramsey alleging various causes of action arising out of an employment relationship. (Dkt. No. 1). Pursuant to the Scheduling Order issued on May 11, 2011, the discovery deadline was set at December 29, 2011. (Dkt. No. 10). On December 12, 2011, Plaintiff moved to amend his complaint. (Dkt. No. 25). The Court granted Plaintiff's Motion and the First Amended Complaint was filed on January 11, 2012. (Dkt. No. 31).[1] On January 30, 2012, the Court granted in part and denied in part a joint motion to extend the discovery deadlines (Dkt. No. 36) and issued a second Scheduling Order the next day which, *inter alia*, extended the discovery deadline to March 30, 2012. (Dkt. No. 37). In March 2012, Plaintiff took the depositions of Cost-U-Less employees Mike Benson and Mekus Samuels (Dkt. Nos. 46, 48), and Defendant took the deposition of Plaintiff Elton Williams. (Dkt. Nos. 49, 50).

Also in March 2012, Defendants moved to dismiss this case for lack of subject matter jurisdiction, asserting that Defendant Ramsey's status as a Virgin Islands resident defeated diversity jurisdiction. (Dkt. No. 43). Plaintiff subsequently filed a Motion to Dismiss Scott Ramsey as a Defendant (Dkt. No. 82), which the Court granted in February 2013. (Dkt. No 85). On February 20, 2013, the Court issued a third Scheduling Order, which set, *inter alia*, a discovery deadline of May 31, 2013. (Dkt. No. 90). On the same day, Defendant filed a Notice of Suggestion of Death of Plaintiff Elton Williams, who died on January 18, 2013. (Dkt. No. 91; Dkt. No. 149 at 4). Plaintiff requested and was granted a sixty-day stay to have a personal

---

[1] The First Amended Complaint alleged causes of action for false imprisonment; malicious prosecution and/or abuse of process; defamation per se; violation of the VI Minimum Wage Law; intentional infliction of emotional distress; fraud; and breach of the duty of good faith and fair dealing. (Dkt. No. 31).

representative appointed on behalf of Elton Williams and to complete discovery. (Dkt. No. 95). The Court issued a fourth Scheduling Order setting a discovery deadline of June 28, 2013. (Dkt. No. 97).

In May 2013, once Leopold Williams—the father of Elton Williams—was appointed as personal representative of the Estate of Elton Williams (Dkt. No. 107), Plaintiff filed a Motion to Amend the First Amended Complaint, which it withdrew following objections raised by Defendant in a safe harbor letter. (Dkt. Nos. 108, 116). Plaintiff then filed a second Motion to Amend the First Amended Complaint (Dkt. Nos. 117, 119), which the Court granted on June 25, 2013. (Dkt. No. 122). The Second Amended Complaint alleged causes of action for: false imprisonment (Count I); "malicious prosecution and or abuse of process" (Count II); defamation (Count III); violation of the "VI Minimum Wage Law" (Count IV); intentional infliction of emotional distress (Count V); fraud (Count VII);[2] and breach of the duty of good faith and fair dealing (Count VIII). (Dkt. No. 124).

Defendant filed a Motion to Dismiss the Second Amended Complaint for Failure to State a Claim on July 14, 2013. (Dkt. No. 130). The Court entered a fifth (and final) Scheduling Order on July 16, 2013 setting, *inter alia*, an August 12, 2013 discovery deadline. (Dkt. No. 131).[3] On August 5, 2013, Plaintiff moved for a "brief extension of time" of three weeks—until August 26, 2013—to file his response to Defendant's Motion to Dismiss (Dkt. No. 134), which the Court granted. (Dkt. No. 139). Then, on August 29, 2013, three days after the August 26, 2013 deadline, Plaintiff filed a Motion to Amend the Second Amended Complaint "to correct facts,

---

[2] There is no Count VI in the Second Amended Complaint.

[3] Defendant moved for leave to conduct additional, limited written discovery of Leopold Williams on August 12, 2013. (Dkt. No. 135). The Court granted the motion, allowing such discovery until August 30, 2013. (Dkt. No. 138).

3

learned during discovery, and add facts and claims that stem out of the same conduct and occurrence set forth in his original pleading." (Dkt. No. 143).[4] Defendant opposed Plaintiff's Motion to Amend the Second Amended Complaint (Dkt. No. 151) and Plaintiff filed a Reply. (Dkt. No. 158).

On October 2, 2013, the Magistrate Judge of this Court denied Plaintiff's Motion to Amend his Second Amended Complaint. (Dkt. No. 159). In his Order, the Magistrate Judge focused on Plaintiff's desire to amend to add new causes of action for negligent hiring/retention/training (collectively, "negligent hiring") and breach of contract, and to remove his claim for false imprisonment. (Dkt. No. 159 at 1). The Magistrate Judge found that Plaintiff was granted leave to amend on two prior occasions (January 2012 and June 2013); that the final discovery deadline was set at August 12, 2013; and that Plaintiff filed his instant motion to amend over two weeks after the close of discovery. *Id.* at 3. The Magistrate Judge further found that Plaintiff arguably "knew of his breach of contract claim at the time of filing his original complaint." *Id.* With regard to the facts supporting the negligent hiring claim, the Magistrate Judge noted that, although Plaintiff claimed that he was unaware of those facts until he took depositions of Mekus Samuel and Michael Benson in March 2012, Plaintiff failed to explain why he waited over a year—until August 2013—to add that claim. *Id.* The Magistrate Judge also opined that Plaintiff failed to explain why he did not include these two causes of action in his earlier motions to amend. *Id.*

Concluding that "the alleged facts supporting the newly proposed claims were known to Plaintiff well in advance of the date of the filing of the current motion to amend," the Magistrate

---

[4] The next day, Plaintiff filed another motion for an extension of time to file his Opposition to the Motion to Dismiss (Dkt. No. 145), which he subsequently filed on September 10, 2013. (Dkt. No. 149).

Judge found that Plaintiff's failure to amend constituted unreasonable delay. *Id.* (citing *Lorenz v. CSX Corp.*, 1 F.3d 1406, 1414 (3d Cir. 1993)). The Magistrate Judge also found undue delay and prejudice to the defendants based on the fact that Plaintiff's motion to amend was filed after the close of discovery, and denied Plaintiff's motion for that reason as well. *Id.* at 4 (citing cases).

The Magistrate Judge observed that Plaintiff's "new claims involve different elements and facts than the original claims," which would require "'reopening of discovery resulting in additional expense, delay, and undue burden on' Defendant." *Id.* (quoting *Griffin v. Harrisburg Prop. Servs.*, 421 F. App'x 204, 210 (3d Cir. 2011)). According to the Magistrate Judge, Plaintiff "'should have moved to amend during discovery upon his determination that he had a [breach of contract and negligent hiring/retention] claim.'" *Id.* (quoting *Josey v. John R. Hollingsworth Corp.*, 996 F.2d 632, 642 (3d Cir. 1993)).

Plaintiff filed the instant "Objection and Appeal of Magistrate's Order Denying Plaintiff's Motion to Amend Second Amended Complaint" on October 21, 2013 (Dkt. No. 161). Defendant filed an "Opposition to Plaintiff's Appeal of Magistrate's Order" (Dkt. No. 162), and Plaintiff filed a Reply. (Dkt. No. 165).

## II. APPLICABLE LEGAL PRINCIPLES

### A. Standard of Review

A motion to amend a complaint is a non-dispositive motion. *Continental Cas. Co. v. Dominick D'Andrea, Inc.,* 150 F.3d 245, 251 (3d Cir. 1998). Accordingly, the Court will review this appeal under a "clearly erroneous or contrary to law" standard. *See* Fed. R. Civ. P. 72(a) (providing that on appeal from a ruling of a magistrate judge on a pretrial non-dispositive matter, a district court shall "modify or set aside any part of the [magistrate judge's] order that is clearly erroneous or is contrary to law."); *see also* 28 U.S.C. § 636(b)(1)(A) (stating that a district judge

will reverse a magistrate judge's adjudication of a non-dispositive motion only if it is "clearly erroneous or contrary to law").

The Supreme Court has held that a finding is "clearly erroneous" when, "although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948). This means that "'[i]t is the responsibility of an appellate court to accept the ultimate factual determination of the fact-finder unless that determination either (1) is completely devoid of minimum evidentiary support displaying some hue of credibility, or (2) bears no rational relationship to the supportive evidentiary data.'" *United States v. O'Malley,* 495 F. App'x 239, 242 (3d Cir. 2012) (quoting *Krasnov v. Dinan*, 465 F.2d 1298, 1302 (3d Cir. 1972)).

"[T]he phrase 'contrary to law' indicates plenary review as to matters of law." *Haines v. Liggett Group, Inc.*, 975 F.2d 81, 91 (3d Cir. 1992). "[A] Magistrate Judge's ruling is contrary to law if 'the Magistrate Judge misinterpreted or misapplied the applicable law.'" *Kendricks v. Hertz Corp.*, 2008 WL 3914135, at *2 (D.V.I. Aug. 18, 2008) (citation omitted). "The party who filed the appeal bears the burden of establishing that the magistrate judge's decision is clearly erroneous or contrary to law." *Control Screening, LLC v. Integrated Trade Sys., Inc.*, 2011 WL 3417147, at *6 (D.N.J. Aug. 3, 2011).

### B. Rule 15(a) Standard for Amending a Pleading

Federal Rule of Civil Procedure 15 governs amendment of pleadings. Rule 15(a)(2) states that a court "should freely give leave [to amend a complaint] when justice so requires." Fed. R. Civ. P. 15(a)(2); *see Foman v. Davis*, 371 U.S. 178, 182 (1962) (articulating the policy of "freely" granting leave to amend); *Long v. Wilson*, 393 F.3d 390, 400 (3d Cir. 2004) ("We have held that motions to amend pleadings should be liberally granted.") (citing Fed. R. Civ. P. 15(a)).

A motion to amend should be denied only when there exists evidence of "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment. . . ." *Foman,* 371 U.S. at 182. A motion to amend a complaint is "addressed to the sound discretion of the district court." *Cureton v. Nat'l Collegiate Athletic Ass'n,* 252 F.3d 267, 272 (3d Cir. 2001).

"The mere passage of time does not require that a motion to amend a complaint be denied on grounds of delay," as "delay alone is an insufficient ground to deny leave to amend." *Id.* at 273. However, "'at some point, the delay will become 'undue,' placing an unwarranted burden on the court, or will become 'prejudicial,' placing an unfair burden on the opposing party.'" *Id.* (quoting *Adams v. Gould, Inc*., 739 F.2d 858, 868 (3d Cir. 1984)). In determining whether there has been undue delay, the court should focus on the moving party's reasons for not amending the pleading earlier. *USX Corp. v. Barnhart,* 395 F.3d 161, 168 (3d Cir. 2004). The Third Circuit has held that delay can be undue "when a movant has had previous opportunities to amend a complaint." *Cureton,* 252 F.3d at 273 (citing, *inter alia, Rolo City Inv. Co. Liquidating Trust*, 155 F.3d 644, 654-55 (3d Cir. 1998) (rejecting proposed second amended complaint where plaintiffs were repleading facts that could have been pled earlier)); *see also Lorenz,* 1 F.3d at 1414 (delay was "unreasonable" where the plaintiff had previous opportunities to amend and failed to do so). "The concept of 'undue delay' includes consideration of whether new information came to light or was available earlier to the moving party." *In re Adams Golf, Inc. Secs. Litig.,* 381 F.3d 267, 280 (3d Cir. 2004).

"Substantial or undue prejudice to the opposing party" is also a sufficient ground to deny leave to amend. *Cureton*, 252 F.3d at 273. "The issue of prejudice requires that [a court] focus on

the hardship to the defendants if the amendment were permitted. Specifically, [the Third Circuit has] considered whether allowing an amendment would result in additional discovery, cost, and preparation to defend against new facts or new theories." *Id.* (comparing *Adams*, 739 F.2d at 869, which found no prejudice because no new facts were presented and no additional discovery was required, with *Cornell & Co., Inc. v. Occupational Safety & Health Review Comm'n,* 573 F.2d 820, 823-24 (3d Cir. 1978), which found significant prejudice because proposed amendment changed legal and factual basis of claim and prevented defendant from presenting defense).

### III. DISCUSSION

The Magistrate Judge analyzed the circumstances surrounding Plaintiff's attempt to amend his Second Amended Complaint to add the negligent hiring and breach of contract causes of action. He found evidence of "undue delay" and, on that basis, denied Plaintiff's entire Motion for Leave to Amend.

**A. Undue Delay**

**1. Negligent Hiring Cause of Action**

Plaintiff asserts on appeal that any delay in propounding its negligent hiring claim was not undue. He claims that he first discovered the facts underlying this claim in March 2012 when Cost-U-Less employees Mike Benson and Mekus Samuels were deposed. He explains that he did not move for leave to amend until August 13, 2013 as a result of "unexpected litigation issues to overcome with Elton Williams' death and the substitution of a personal representative." (Dkt. No. 161 at 14-15).

This rationale does not explain why Plaintiff waited seventeen months—from March 2012, when he allegedly learned the facts supporting his negligent hiring claim—to August 2013 to file his Motion for Leave to Amend. His vague reference to "unexpected litigation issues"

arising in the wake of Mr. Williams' death in January 2013 is unhelpful because it is unspecific and wholly uninformative. Moreover, this purported explanation focuses only on the time frame between January and August 2013. He sheds no light on why his motion was not filed in the ten months between March 2012 and Mr. Williams' death in January 2013. Instead, Plaintiff waited until August 2013—two weeks after discovery had closed, and seven months after Mr. Williams' death—to seek to amend his Second Amended Complaint with facts that he admittedly had known since March 2012. This is a classic instance where the allegedly new information had long been available to the moving party, *In re Adams Golf, Inc. Secs. Litig.,* 381 F.3d at 280, and where the moving party has not provided a satisfactory reason for not amending the pleading earlier. *USX Corp.,* 395 F.3d at 168; *see also CMR D.N. Corp. v. City of Phila.*, 703 F.3d 612, 629 (3d Cir. 2013) ("[W]e have refused to overturn denials of motions for leave to amend where the moving party offered no cogent reason for the delay in seeking the amendment.").

Further, in June 2013, Plaintiff moved for leave to amend his Complaint—a motion that the Court granted. He inexplicably did not seize that opportunity to include the facts underlying the negligent hiring claim in that motion for leave to amend. When assessing undue delay, the Third Circuit has directed courts to consider whether a movant has had previous opportunities to amend a complaint. *See Arthur v. Maersk, Inc.*, 434 F.3d 196, 204 (3d Cir. 2006) ("When a party fails to take advantage of previous opportunities to amend, without adequate explanation, leave to amend is properly denied."); *Cureton*, 252 F.3d at 273 ("Delay may become undue when a movant has had previous opportunities to amend a complaint."); *USX Corp.*, 395 F.3d at 169. Here, Plaintiff failed, without explanation, to make full use of his previous opportunity to amend.

### 2. Breach of Contract Cause of Action

With regard to the delay in adding his breach of contract claim, Plaintiff contends that he

has "not asserted new claims for breach of contract and/or violation of the V.I. Fair Labor Standards Act" ("VIFLSA") in his proposed Third Amended Complaint, in view of the fact that "[t]he facts underlying those claims were present in his original complaint when he alleged that Defendant had failed to pay his earned wages." (Dkt. No. 161 at 15). According to Plaintiff, he has "only clarified the actual V.I. statute that Defendant violated when it refused to pay wages." *Id.*[5]

However, the proposed Third Amended Complaint alleges that the actions of the Defendant constitute "*a breach of contract to pay his wages*" as well as a violation of the VIFLSA. (Dkt. No. 143-1, ¶ 40). This is the first time Plaintiff has stated a breach of contract cause of action in this case. Simply because the facts underlying both claims may have been present when he filed his original Complaint does not negate the fact that he is asserting a new cause of action under an entirely different theory of recovery.[6] Moreover, if the facts underlying the breach of contract claim were present when Plaintiff filed his original Complaint as he asserts, there is no apparent reason—and Plaintiff has offered none—why he could not have filed this claim at that time.

---

[5] Although the Second Amended Complaint alleged a cause of action for violation of the "VI Minimum Wage Law" (Dkt. No. 124, ¶ 28), rather than the VIFLSA, Defendant viewed this cause of action as one under the VIFLSA when it filed its Motion to Dismiss the Second Amended Complaint, arguing that Plaintiff did not state a claim under the VIFLSA. (Dkt. No. 130 at 18-19).

[6] A statutory cause of action under the VIFLSA, penalizing an employer who "willfully pays or agrees to pay wages at a rate less than the [minimum wage] rate applicable under [the VIFLSA]," 24 V.I.C. § 16(c), is a different cause of action than common law breach of contract, which requires the proponent to state four elements: "(1) a contract exists; (2) the contract imposes a duty on one party; (3) one party to the contract breached the duty imposed by the contract; and ([4]) damages resulted from the breach." *Hodge v. Nat'l Rural Utilities Coop. Fin. Corp.,* 2014 WL 1757229, at *4 (D.V.I. Apr. 28, 2014) (internal citation omitted). To the extent Plaintiff argues that the two causes of action are synonymous, based on Defendant's alleged failure to pay his wages, he is incorrect. (Dkt. No. 165 at 12).

### 3. Conclusion

Undue delay is, by itself, a sufficient ground to deny Plaintiff's Motion for Leave to Amend. *See Arthur*, 434 F.3d at 203 ("'Undue delay' is a reason to deny leave to amend[.]"); *Jang v. Boston Scientific Scimed, Inc.*, 729 F.3d 357, 367 (3d Cir. 2013) (holding that a court may deny leave to amend "on a finding of undue delay, bad faith, prejudice to the opposing party, *or* futility.") (emphasis added); *Panetta v. SAP America, Inc.*, 294 F. App'x 715, 717-18 (3d Cir. 2008) (opining that a district court may deny a request for leave to amend "if the record shows *any* of the following: (1) undue delay . . .") (internal quotation marks omitted).

Accordingly, based on the record evidence, Magistrate Judge Cannon's conclusion that Plaintiff demonstrated undue delay in adding his negligent hiring and breach of contract claims in August 2013 by failing to cogently explain why: (1) he waited over two and one-half years after he filed his original Complaint to add the breach of contract claim; (2) he waited seventeen months after the pertinent depositions to add the negligent hiring claim; (3) he did not include the proposed amendments in his earlier motions for leave to amend, and (4) he moved to amend after the close of discovery, is not clearly erroneous. Nor was the Magistrate Judge's reasoning contrary to law, as he applied the correct legal standard and case law when assessing the issue. On the this basis alone, it is appropriate to affirm the Magistrate Judge's denial of Plaintiff's Motion to File a Third Amended Complaint to add the negligent hiring and breach of contract claims.

### B. Prejudice

The Magistrate Judge also found prejudice to Defendant because Plaintiff moved for leave to amend to add the two causes of action two weeks after the close of discovery that had been ongoing for over two years. (Dkt. No. 159 at 4, citing, *inter alia*, *Josey,* 996 F.2d at 642)

(holding that plaintiff "should have moved to amend his pleadings during discovery" upon his determination that he had a particular claim, and that allowing amendment of the pleadings after the close of discovery would prejudice the defendant); *see also Panetta*, 294 F. App'x at 718 (affirming district court's denial of motion for leave to amend because, *inter alia,* allowing plaintiff to assert a new claim after the close of discovery—based on facts Plaintiff had long known—"would deprive the defendants of discovery or require them to repeat processes that were already complete") (citing *Josey*, 996 F.2d at 642)); *Spence v. City of Phila.*, 147 F. App'x 289, 292 (3d Cir. 2005) (affirming district court which denied leave to amend after close of discovery where defendant would be impermissibly prejudiced and would have faced "different burdens and defenses under this second theory of liability."). This finding is neither clearly erroneous nor contrary to law.

The Magistrate Judge found that the breach of contract and negligent hiring causes of action "involve different elements and facts than the original claims" which would require "'reopening of discovery resulting in additional expense, delay, and undue burden on' Defendant."  (Dkt. No. 159 at 4, quoting *Griffin,* 421 F. App'x at 210). As indicated in note 6, *supra*, a breach of contract claim contains elements that are distinct from a VIFLSA claim. In addition, the elements of a negligent hiring claim differ significantly from the other causes of action in this case which generally involve intentional torts (*i.e.*, malicious prosecution, abuse of process, intentional infliction of emotional distress, fraud). In order to state such a claim, a plaintiff must demonstrate: "'(1) the existence of an employment relationship; (2) the employee's incompetence; (3) the employer's actual or constructive knowledge of such incompetence; (4) the employee's act or omission causing plaintiff's injuries; and (5) the employer's negligence in hiring or retaining the employee was the proximate cause of the plaintiff's injuries.'" *James-*

*Frederick v. Frenchman's Reef & Morning Star Marriott Beach Resort*, 2013 WL 3992938, at *7 (D.V.I. August 1, 2013) (quoting *Mala v. Marine Serv. Mgm't.*, 2009 WL 2170071, at *2 (D.V. I. July 20, 2009)).

Defendant would be prejudiced because the proposed amendment "would bring [ ] new theor[ies] into the case several years after the beginning of the litigation." *CMR D.N. Corp.*, 703 F.3d at 630. It would be appropriate for Defendant to seek additional discovery to explore the factual bases of these new claims. Further, to the extent that discovery might touch upon the injuries allegedly sustained by the original plaintiff, Elton Williams, such discovery is now impossible because Mr. Williams has died and the parties will be unable to ascertain facts, from his perspective, that support or undermine both new causes of action. That is the ultimate prejudice to Defendant. *See, e.g., Tiska v. United States*, 1989 WL 2378, at *2 (E.D. Pa. Jan. 11, 1989) (observing that original plaintiff's death, a year and a half after suit was filed, epitomizes prejudice because "[b]y then the lips of the most important witness were sealed, depriving that additional defendant of the right to depose him."). Accordingly, the Magistrate Judge's finding of prejudice to the Defendant provides an additional basis upon which to affirm his decision regarding the addition of the negligent hiring and breach of contract claims.

### C. Undue Delay/Prejudice Findings

In sum, while cognizant of the liberal amendment policy of the Rules, Magistrate Judge Cannon properly exercised his discretion by finding undue delay and prejudice and thereby denying Plaintiff's motion for leave to amend his Second Amended Complaint to add the negligent hiring and breach of contract causes of action. His Order—with regard to denying leave to amend to add these two causes of action—was neither clearly erroneous nor contrary to law. The Court therefore affirms this part of the Magistrate Judge's Order.

### D. Plaintiff's Additional Facts

Plaintiff asserts that, even if the negligent hiring and breach of contract causes of action were untimely, the Magistrate Judge's "finding should have been without prejudice to the other factual additions sought by Plaintiff and Plaintiff's motion should have been granted at least in part." (Dkt. No. 161 at 7).

Not only does Plaintiff's proposed Third Amended Complaint contain two new causes of action, as set forth above but, according to Defendant, Plaintiff "add[ed] or significantly modif[ied] no less than twenty-four (24) factual allegations, thereby changing the legal theory on which the claims are based." (Dkt. No. 162 at 2). Plaintiff acknowledges that he added numerous facts that were allegedly "aimed at curing and/or clarifying the alleged deficiencies" that Defendant had pointed out in its Motion to Dismiss. (Dkt. No. 161 at 7).

In his Order, the Magistrate Judge addressed only the effect of adding the two new causes of action—and the facts underlying those causes of action—when denying Plaintiff's Motion for Leave to Amend. He did not otherwise determine whether leave to amend should be granted or denied based on the additional facts set forth in the Third Amended Complaint that allegedly cured the deficiencies in the other causes of action.

Because the Magistrate Judge did not address the portions of Plaintiff's Motion to Amend which pertained to the additional factual allegations, the Court will reverse the October 2, 2013 Order denying leave to amend to the extent that it encompasses these allegations and will remand that portion of the ruling to the Magistrate Judge for him to address, in the first instance, whether to grant Plaintiff leave to amend his Second Amended Complaint to add facts in his proposed Third Amended Complaint that are directed to the causes of action other than negligent hiring and breach of contract.

## **CONCLUSION**

Based on the foregoing, the Court affirms in part the Magistrate Judge's October 2, 2013 Order, to the extent that the Magistrate Judge denied Plaintiff leave to amend his Second Amended Complaint to add new causes of action for negligent hiring/retention/training and breach of contract. The Court reverses in part the Magistrate Judge's Order, to the extent that the Magistrate Judge denied Plaintiff leave to amend his Second Amended Complaint to add the factual allegations that relate to his remaining causes of action, and will remand that portion of the Order to the Magistrate Judge to make findings in that regard.

An appropriate Order accompanies this Memorandum Opinion.

Date: July 3, 2014 _____/s/_____
WILMA A. LEWIS
Chief Judge